Daniel, Judge,
 

 after stating the case as above, proceeded as follows:
 
 It
 
 appears to us, that if there be any dispute in this case, it is whether the plaintiff shall pay interest on the purchase money-? and if so, at what time the interest shall begin to run? - By the agreement, the plaintiff took possession in October, 1835. In equity, he was then the complete owner of the estate. The death of Kelly (an act of Providence) was the reason that the title deeds and notes were not given in a short time after the plaintiff took possession. It seems to us to be equitable and just, that interest should be calculated on the instalments of the purchase money, as if the notes had been given in a reasonable time after the date of the agreement. We think that the first of January, 1836, would have been a reasonable time within which the notes might have been given according to the agreement, if the death of Kelly had not prevented it. Therefore, the plaintiff is entitled to a decree for a specific performance. And the heirs at law of Kelly will execute deeds of release and quit claim to the plaintiff, of the lands, of which he has taken possession; and deeds of bargain and sale in fee, of any lands mentioned in the agreement, and which are not in his possession. These deeds will be executed under the direction of the Master of this Court,
 
 provided
 
 that the plaintiff first pay to the administrator of P. Kelly, or pay into the office of this Court, the purchase money, with interest as follows: $1,000, with interest on the same from the first day of January, 1837; and $2,000, with interest on the same from the 1st day of January, 1838. If the purchase money and inter
 
 *75
 
 est is paid,
 
 as
 
 above directed, on or before the tenth day of the next term of this Court, the decree for the plaintiff will' be drawn up and entered; otherwise, the bill will ¡stand dismissed with cost.
 

 Per Curiam. . Decree accordingly.